FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30170 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-06024-FVS-1 |
| v. | |
| FIDEL ANTONIO MENDEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, Senior District Judge, Presiding

Argued and Submitted June 4, 2014
Seattle, Washington

Before: McKEOWN and WATFORD, Circuit Judges, and ROTHSTEIN, Senior
District Judge.[**]

**1.** The district court properly rejected Fidel Mendez's Second Amendment

challenge. Mendez's prior juvenile adjudication is a conviction of a "crime

punishable by imprisonment for a term exceeding one year" under 18 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Barbara Jacobs Rothstein, Senior District Judge for the
U.S. District Court for the Western District of Washington, sitting by designation.

§ 921(a)(20). *See United States v. Mendez*, – F.3d – (9th Cir. 2014). As an individual with a prior conviction satisfying § 921(a)(20), Mendez is "categorically different from the individuals who have a fundamental right to bear arms." *United States v. Vongxay*, 594 F.3d 1111, 1115 (9th Cir. 2010). Section 922(g)(1) is a "*presumptively lawful regulatory measure*[]" and does not unconstitutionally burden whatever Second Amendment rights Mendez may have. *See id.* (quoting *District of Columbia v. Heller*, 554 U.S. 570, 627 n.26 (2008)).

**2.** Mendez also contends, citing our decision in *United States v. Tighe*, 266 F.3d 1187 (9th Cir. 2001), that the use of his juvenile adjudication as a predicate offense violated his due process rights. But *Tighe* raised an *Apprendi* issue—whether the fact of a juvenile adjudication needed to be proved beyond a reasonable doubt to the jury—and has nothing to say about the use of a juvenile adjudication as a predicate conviction. *See id.* at 1193. In this case, because a prior conviction is an element of the offense, the government would necessarily have borne the burden of proving the fact of Mendez's juvenile adjudication beyond a reasonable doubt.

**3.** The district court properly denied Mendez's motion to suppress. Officer Horn needed only reasonable suspicion to conduct a brief investigatory stop. *See United States v. Brignoni-Ponce*, 422 U.S. 873, 880–82 (1975). He believed the

shotgun had a shortened barrel and articulated reasonable and specific facts supporting his belief, which was based on his years of training and experience as a law enforcement officer. Once Officer Horn learned Mendez owned the gun and had a prior felony conviction, Officer Horn had probable cause to seize the gun.

**AFFIRMED.**